IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Breeze Medical Equipment, Inc.   )
                                 )
           Plaintiff,            )
                                 )
     v.                          )     07 C 673
                                 )
Companion Health Services, Inc., )
                                 )
           Defendant.            )

MEMORANDUM OPINION AND ORDER

Companion Health Services, Inc. ("Companion") has filed its Answer, Affirmative Defenses ("ADs") and Counterclaim to the Complaint brought against it by Breeze Medical Equipment, Inc. ("Breeze"). Although this memorandum opinion and order had been dictated for transcription before this Court's departure for service as a faculty member at an ALI-ABA seminar on advanced issues in the Federal Rules of Evidence, the absence of this Court's secretary has caused this opinion's conversion to written form to be delayed. In any case, however, it is really never too late to require the corrections of basic defects in federal pleading.

To begin with, a host of Companion's responses (Answer ¶¶1, 6, 9, 11, 12, 14, 26, 29, 34 and 52) fail to conform to what Fed.R.Civ.P. ("Rule") 8(b)'s second sentence requires as a disclaimer to enable a responding party to get the benefit of a deemed denial -- see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). All of those

paragraphs are stricken, albeit with leave granted to replead them in a proper manner.

Next, Companion's counsel display the misconception that to the extent a plaintiff's allegations may be characterized as conclusions of law, no response is required (Answer ¶¶3, 5, 10, 13 and 26). In that respect, see App. ¶2 to State Farm. Moreover, it is difficult to see how Companion's counsel can deny this Court's subject matter jurisdiction (Answer ¶¶4 and 5) in the objective good faith required of every lawyer under Rule 11(b). In any event, all of the Answer's paragraphs referred to in this paragraph are also stricken, with leave to replead.

Finally,[1] several of the ADs appear problematic or worse. Here are the defects noted by this Court.

1. AD 1, which essentially advances the equivalent of a Rule 12(b)(6) motion, has dubious standing as an AD. Moreover, it is simply wrong to assert that if Breeze's allegations are accepted as gospel (which is essential to the concept of an AD-- ee App. ¶ 5 to State Farm), Breeze has not stated a viable claim. AD 1 is therefore stricken without leave to replead.

2. Companion's everything-but-the-kitchen-sink recital of

---

[1] What is said here is not intended to foreclose Breeze's counsel from identifying any other flaws that it may seek to challenge by motion. Instead this Court has limited itself to the most obvious defects in Companion's pleading.

its other 17 purported ADs fails to satisfy the principle of notice pleading that is incumbent on defendants as well as plaintiffs. All of those ADs are stricken, so that Companion's counsel may return to the drawing board with a more informed -- and more informative -- set of any legitimate ADs, supported by enough fleshing out to enable Breeze's counsel and this Court to evaluate their putative viability and, if appropriate, to require that they be advanced via appropriate motions.

Although this memorandum order has already used the term "finally," suggesting that nothing more would be addressed here, one point should added as to Companion's Counterclaim. Quite apart from its use of counts to advance matters that might be viewed as different causes of action rather than the operative federal concept of "claim" (see NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992)) -- a usage also employed by Breeze's counsel and most other lawyers in this judicial district, perhaps because of their familiarity with Illinois state court practice -- Counterclaim Count II is at odds with the Illinois caselaw that does not consider that a claimed breach of the covenant of good faith and fair dealing qualifies as a stand-alone claim.

In any event, the problems identified here are too numerous to be dealt with by an amendment to Companion's present pleading,

3

something that would force the reader to go back and forth between the two pleadings to determine just what is or is not in issue between the parties. Hence the <u>entire</u> present responsive pleading is stricken, but with leave being granted to file a self-contained amended pleading (except for attached exhibits) on or before April 9, 2007. Companion's counsel may not charge their client for such correction of counsel's own mistakes, and they are ordered to notify the client to that effect by letter (with a copy to this Court for information, not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Dated: March 26, 2007