IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BREEZE MEDICAL EQUIPMENT, INC.,      )
                                     )
    Plaintiff-Counterdefendant,      )
                                     )
v.                                   )     No.  07 C 673
                                     )
COMPANION HEALTH SERVICES, INC.,     )
                                     )
    Defendant-Counterplaintiff.      )

## MEMORANDUM OPINION AND ORDER

Plaintiff-Counterdefendant Breeze Technology & Accessories, Inc. ("Breeze") has belatedly filed a memorandum in support of its motion to dismiss Count II of the Amended Counterclaim filed against it by defendant-counterplaintiff Companion Health Services, Inc. ("Companion"). Because that memorandum has exposed the conceptual flaw in Breeze's motion to dismiss, no response is required--instead this Court denies the motion and orders Breeze to file its answer to Count II on or before June 26, 2007.

It should be said at the outset that the dispute between the parties in this regard--a product of what may fairly be termed the tyranny of labels--really stems from the division of Companion's Counterclaim into separate counts and its attachment of a caption to each count. As for the all-too-common practice of dividing up a single claim into counts based on different theories of recovery (see, e.g., NAACP v. American Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992)), that does not

fit the underlying concept spelled out in Fed. R. Civ. P. ("Rule") 10(b) as to the predicate for setting out discrete counts. Instead, different theories of recovery that stem from the same congeries of operative facts do not support that regrettably common practice.

That problem is compounded where, as here, Companion's counsel have attached the label of "Interference with Business Relations" to the currently disputed Count II. Breeze's counsel have used that caption as a springboard for rehearsing the ingredients of state law claims for "tortious interference with contract" (Mem. 5-7) and "tortious interference with prospective economic advantage" (Mem. 7-8), in an effort to demonstrate that what Companion has charged does not fit either category. That may well be the case, but if the caption "Interference with Business Relations" is wiped away--after all, such captions are not really a part of the pleading--and if the reader looks only at Companion's allegations (which must be accepted as gospel for purposes of a Rule 12(b)(6) motion to dismiss), there is no question that they state a claim upon which relief may be granted. And that suffices to require the rejection of Breeze's motion to dismiss.

Although what has been said to this point suffices to dispatch the motion, one other aspect of Breeze's memorandum bears mention. Counterclaim ¶22 refers to Breeze's asserted

2

awareness that Companion's master agreement with Wal-Mart required that each Facility (several of which Companion licensed to Breeze) "be operated continuously during business hours and maintain an appropriate level of operating inventory." Without taking any cognizance of that and related provisions, Breeze Mem. 2 quotes a provision of its Agreements with Companion that it says allowed it to vacate such facilities before the expiration of the two-year term of those Agreements (Agreement Art. 10 §3).

That contention is frivolous--it is directly at odds with Breeze's express obligation in Agreement Art. 11 §1(b):

> Company [Breeze] shall not at any time leave the Facility vacant, but shall in good faith continuously throughout the Term conduct and carry on in the entire Facility the Permitted Uses for which the Facility is licensed to Company.

That subsection then goes on to spell out Breeze's obligations in that respect in detail, and Breeze's performance obligations as set out there are totally in sync with other provisions of the Agreement. All that Agreement Art. 10 §3 does is to spell out Breeze's responsibilities <u>whenever</u> it might leave the premises, whether at the end of the agreed-upon Term or during the Term in violation of its express obligations under the just-quoted subsection.

In sum, Breeze's groundless motion to dismiss Amended Counterclaim Count II is denied. As stated earlier, Breeze is

3

ordered to file its answer to that count on or before June 26, 2007.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 18, 2007